JS 44 (Rev 06/17)          CMR

# CIVIL COVER SHEET

2:18-4840

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet  (SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM )

## I. (a) PLAINTIFFS

Hannah Curran

### DEFENDANTS

Amica Mutual Insurance Company

18  4840

**(b)** County of Residence of First Listed Plaintiff   Montgomery County
*(EXCEPT IN U S PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Providence County
*(IN U S  PLAINTIFF CASES ONLY)*

NOTE    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Vanderveen O'Neill Hartshorn & Levin - 215-546-1000
1219 Spruce Street
Philadelphia, PA 19107

Attorneys *(If Known)*
Mennies & Palmer, LLC - 610-490-8001
10 East 6th Ave, Suite 300
Conshohocken, PA 19428

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ❒ 1   U S Government Plaintiff | ❒ 3   Federal Question *(U.S. Government Not a Party)* |
| ❒ 2   U S Government Defendant | ☒ 4   Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ❒ 1 | Incorporated or Principal Place of Business In This State | ❒ 4 | ❒ 4 |
| Citizen of Another State | ❒ 2 | ❒ 2 | Incorporated and Principal Place of Business In Another State | ❒ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ❒ 3 | ❒ 3 | Foreign Nation | ❒ 6 | ❒ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for  Nature of Suit Code Descriptions

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❒ 625 Drug Related Seizure of Property 21 USC 881 | ❒ 422 Appeal 28 USC 158 | ❒ 375 False Claims Act |
| ❒ 120 Marine | ❒ 310 Airplane | ❒ 365 Personal Injury - Product Liability | ❒ 690 Other | ❒ 423 Withdrawal 28 USC 157 | ❒ 376 Qui Tam (31 USC 3729(a)) |
| ❒ 130 Miller Act | ❒ 315 Airplane Product Liability | ❒ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ❒ 400 State Reapportionment |
| ❒ 140 Negotiable Instrument | ❒ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ❒ 410 Antitrust |
| ❒ 150 Recovery of Overpayment & Enforcement of Judgment | ❒ 330 Federal Employers' Liability | | | ❒ 820 Copyrights | ❒ 430 Banks and Banking |
| ❒ 151 Medicare Act | ❒ 340 Marine | ❒ 368 Asbestos Personal Injury Product Liability | | ❒ 830 Patent | ❒ 450 Commerce |
| ❒ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❒ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ❒ 835 Patent - Abbreviated New Drug Application | ❒ 460 Deportation |
| | | | | ❒ 840 Trademark | ❒ 470 Racketeer Influenced and Corrupt Organizations |
| ❒ 153 Recovery of Overpayment of Veteran s Benefits | ☒ 350 Motor Vehicle | ❒ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ❒ 480 Consumer Credit |
| ❒ 160 Stockholders' Suits | ❒ 355 Motor Vehicle Product Liability | ❒ 371 Truth in Lending | ❒ 710 Fair Labor Standards Act | ❒ 861 HIA (1395ff) | ❒ 490 Cable/Sat TV |
| ❒ 190 Other Contract | ❒ 360 Other Personal Injury | ❒ 380 Other Personal Property Damage | ❒ 720 Labor/Management Relations | ❒ 862 Black Lung (923) | ❒ 850 Securities/Commodities/ Exchange |
| ❒ 195 Contract Product Liability | ❒ 362 Personal Injury - Medical Malpractice | ❒ 385 Property Damage Product Liability | ❒ 740 Railway Labor Act | ❒ 863 DIWC/DIWW (405(g)) | ❒ 890 Other Statutory Actions |
| ❒ 196 Franchise | | | ❒ 751 Family and Medical Leave Act | ❒ 864 SSID Title XVI | ❒ 891 Agricultural Acts |
| | | | | ❒ 865 RSI (405(g)) | ❒ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❒ 790 Other Labor Litigation | | ❒ 895 Freedom of Information Act |
| ❒ 210 Land Condemnation | ❒ 440 Other Civil Rights | **Habeas Corpus:** | ❒ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ❒ 896 Arbitration |
| ❒ 220 Foreclosure | ❒ 441 Voting | ❒ 463 Alien Detainee | | ❒ 870 Taxes (U S Plaintiff or Defendant) | ❒ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❒ 230 Rent Lease & Ejectment | ❒ 442 Employment | ❒ 510 Motions to Vacate Sentence | | ❒ 871 IRS   Third Party 26 USC 7609 | |
| ❒ 240 Torts to Land | ❒ 443 Housing/ Accommodations | ❒ 530 General | | | ❒ 950 Constitutionality of State Statutes |
| ❒ 245 Tort Product Liability | ❒ 445 Amer w/Disabilities - Employment | ❒ 535 Death Penalty | **IMMIGRATION** | | |
| ❒ 290 All Other Real Property | ❒ 446 Amer w/Disabilities - Other | **Other:** | ❒ 462 Naturalization Application | | |
| | ❒ 448 Education | ❒ 540 Mandamus & Other | ❒ 465 Other Immigration Actions | | |
| | | ❒ 550 Civil Rights | | | |
| | | ❒ 555 Prison Condition | | | |
| | | ❒ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ❒ 1 Original Proceeding | ☒ 2 Removed from State Court | ❒ 3 Remanded from Appellate Court | ❒ 4 Reinstated or Reopened | ❒ 5 Transferred from Another District *(specify)* | ❒ 6 Multidistrict Litigation - Transfer |
| | | | | | ❒ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U S  Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*
28 U S C  Sec  1332(a) (a) and Sec  1441(a)

Brief description of cause
Claim for uninsured motorist benefits

## VII. REQUESTED IN COMPLAINT:

❒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F R Cv P

DEMAND $

CHECK YES only if demanded in complaint
JURY DEMAND:  ☒ Yes   ❒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*        JUDGE _____       DOCKET NUMBER _____

NOV - 8 2018

DATE   11/8/18

SIGNATURE OF ATTORNEY OF RECORD   Richard J Mennies

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG JUDGE_____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

18    4840

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 800 E. Lancaster Avenue, Villanova, PA 19085

Address of Defendant: _____ 100 Amica Way, Lincoln, RI 02865

Place of Accident, Incident or Transaction: _____ U.S. Route 15, Tioga Township, PA

---

*RELATED CASE, IF ANY:*

Case Number _____   Judge _____   Date Terminated _____

Civil cases are deemed related when *Yes* is answered to any of the following questions

1   Is this case related to property included in an earlier numbered suit pending or within one year   Yes ☐   No ☑
    previously terminated action in this court?

2   Does this case involve the same issue of fact or grow out of the same transaction as a prior suit   Yes ☐   No ☑
    pending or within one year previously terminated action in this court?

3   Does this case involve the validity or infringement of a patent already in suit or any earlier   Yes ☐   No ☑
    numbered case pending or within one year previously terminated action of this court?

4   Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights   Yes ☐   No ☑
    case filed by the same individual?

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above

DATE _11/8/18_____   _signature_   _43966_
                        *Attorney-at-Law / Pro Se Plaintiff*      *Attorney I D # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

A.   *Federal Question Cases:*

☐  1   Indemnity Contract, Marine Contract, and All Other Contracts
☐  2   FELA
☐  3   Jones Act-Personal Injury
☐  4   Antitrust
☐  5   Patent
☐  6   Labor-Management Relations
☐  7   Civil Rights
☐  8   Habeas Corpus
☐  9   Securities Act(s) Cases
☐  10  Social Security Review Cases
☐  11  All other Federal Question Cases
       *(Please specify)* _____

B.   *Diversity Jurisdiction Cases:*

☐  1   Insurance Contract and Other Contracts
☐  2   Airplane Personal Injury
☐  3   Assault, Defamation
☐  4   Marine Personal Injury
☒  5   Motor Vehicle Personal Injury
☐  6   Other Personal Injury *(Please specify)* _____
☐  7   Products Liability
☐  8   Products Liability - Asbestos
☐  9   All other Diversity Cases
       *(Please specify)* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration )*

I, _____, counsel of record or pro se plaintiff, do hereby certify

☐   Pursuant to Local Civil Rule 53 2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case
    exceed the sum of $150,000 00 exclusive of interest and costs

☐   Relief other than monetary damages is sought

NOV - 8 2018

DATE _____   _____   _____
                        *Attorney-at-Law / Pro Se Plaintiff*      *Attorney I D # (if applicable)*

NOTE A trial de novo will be a trial by jury only if there has been compliance with F R C P 38

Civ 609 (5/2018)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Hannah Curran | : | CIVIL ACTION |
| v. | : | |
| Amica Mutual Insurance Company | : | **18   4840** |
| | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.　　　　　( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
　　and Human Services denying plaintiff Social Security Benefits.　　　　　( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.　( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
　　exposure to asbestos.　　　　　( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
　　commonly referred to as complex and that need special or intense management by
　　the court. (See reverse side of this form for a detailed explanation of special
　　management cases.)　　　　　( )

(f) Standard Management ·· Cases that do not fall into any one of the other tracks.　(X)

| | | |
|---|---|---|
| 11/8/18 | Richard J. Mennies | Amica Mutual Insurance Company |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 610-490-8001 | 570-846-2987 | rmennies@menniespalmer.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

NOV - 8 2018

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

Hannah Curran                       :

                                  :

    vs.                      :  NO:

                                    :   **18    4840**

Amica Mutual Insurance Company   :

## NOTICE OF REMOVAL

**TO:   UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

Defendant Amica Mutual Insurance Company, by and through its attorney, Richard J. Mennies, Esquire, hereby files this Notice of Removal of the above-captioned matter from the Court of Common Pleas of Philadelphia County, Pennsylvania, the jurisdiction in which it is now pending, to the United States District Court for the Eastern District of Pennsylvania, and in support thereof, avers as follows:

1.     Plaintiff filed a Complaint in the Court of Common Pleas of Philadelphia County on October 12, 2018, and docketed at 181001669. (See attached Exhibit "A").

2.     The Complaint was served on Defendant on October 15, 2018.

3.     The Complaint seeks damages as a result of an automobile accident which occurred on or about January 29, 2017, and involves a claim for insurance benefits from this accident.

4.     At the time this action was commenced and continuing to the present, Defendant Amica Mutual Insurance Company (hereinafter "Amica") is organized and exists pursuant to the Rhode Island Corporation and maintains its principal place of business in Lincoln, Rhode Island.

5.      At the time this action was commenced and continuing to the present, Plaintiff is a resident and citizen of the Commonwealth of Pennsylvania, residing at 800 E. Lancaster Avenue, Villanova, Pennsylvania 19085.

6.      The amount in controversy, based on the allegations of the Complaint, exceeds the sum of $75,000.00 exclusive of interest and costs.

7.      The present lawsuit is removable from State Court to the District Court of the United States pursuant to 28 U.S.C. §1332(a)(1) and §1441(a).

8.      Copies of all process, pleadings and orders that have been received by Defendant are filed herewith.

9.      This Notice is timely, having been filed within thirty days of service of the Complaint.

WHEREFORE, Defendant request that this action be removed from the Court of Common Pleas of Philadelphia County, Commonwealth of Pennsylvania to the United States District Court for the Eastern District of Pennsylvania.

**MAYERS, MENNIES & SHERR, LLP**

Dated:  11\8\18          BY: _Richard Mennies_ RM1252
RICHARD J. MENNIES, ESQUIRE #43966
Validation of Signature Code RM1252
10 E. 6th Avenue, Suite 300
Conshohocken, PA 19428
610-490-8001
rmennies@menniespalmer.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Hannah Curran | : |
| | : |
| vs. | : NO: |
| | : |
| Amica Mutual Insurance Company | : |

## CERTIFICATE OF SERVICE

I, RICHARD J. MENNIES, ESQUIRE, Attorney for Defendant, hereby certify that a true

and correct copy of the foregoing Notice of Removal has been served on the following via email,

on the date listed below:

Van der Veen O'Neill Hartshorn & Levin
Michael T. van der Veen, Esquire
1219 Spruce Street
Philadelphia, PA 19107

**MENNIES & PALMER, LLC**

Dated: 11/8/18        BY:  _Richard Mennies_        RM1252____

RICHARD J. MENNIES, ESQUIRE #43966
Validation of Signature Code RM1252
10 E. 6th Avenue, Suite 300
Conshohocken, PA 19428
610-490-8001
rmennies@menniespalmer.com

Exhibit A

Scan Date 10/17/2018 12 00.32 PM

**VAN DER VEEN, O'NEILL, HARTSHORN & LEVIN**
BY:    Michael T. van der Veen
      ID No. 75616
      1219 Spruce Street
      Philadelphia, PA 19107
      P: (215) 546-1000
      F: (215) 546-8529

*Filed and Attested by the Office of Judicial Records 12, OCT 2018, 03:34 pm M. BRYANT*

**MAJOR JURY**
**ATTORNEY FOR PLAINTIFFS**

| | |
|---|---|
| HANNAH CURRAN | : COURT OF COMMON PLEAS |
| 800 E. Lancaster Avenue | : PHILADELPHIA COUNTY |
| Villanova, PA 19085 | : |
| | : CIVIL ACTION |
| Plaintiff, | : |
| v. | : |
| | : OCTOBER TERM, 2018 |
| AMICA MUTUAL INSURANCE | . |
| COMPANY | . No. |
| 100 Amica Way | : |
| Lincoln, RI 02865 | : |
| | : |
| Defendant. | · |

## NOTICE TO DEFEND

NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL AND INFORMATION SERVICE
One Reading Center
Philadelphia, Pennsylvania 19107
Telephone: 215 238-6333

AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparecencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objecciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes por usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENDE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO. VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASSOCIACION DE LICENCIADOS DE FILADELFIA
SERVICIO DE REFERENCIA E INFORMACION LEGAL
One Reading Center
Filadelfia, Pennsylvania 19107
Telefono: 215-238-6333

1

Case ID 181001669

Scan Date 10/17/2018 12.00 32 PM

**VAN DER VEEN, O'NEILL, HARTSHORN & LEVIN**
BY:   Michael T. van der Veen
      ID No. 75616
      1219 Spruce Street
      Philadelphia, PA 19107
      P: (215) 546-1000                    **MAJOR JURY**
      F: (215) 546-8529                    **ATTORNEY FOR PLAINTIFF**

| | |
|---|---|
| **HANNAH CURRAN**<br>800 E. Lancaster Avenue<br>Villanova, PA 19085 | : **COURT OF COMMON PLEAS**<br>. **PHILADELPHIA COUNTY**<br>.<br>. **CIVIL ACTION** |
| Plaintiffs, | . |
| v. | .<br>. **OCTOBER TERM, 2018** |
| **AMICA MUTUAL INSURANCE**<br>**COMPANY**<br>100 Amica Way<br>Lincoln, RI 02865 | .<br>: **No.**<br>.<br>. |
| Defendant. | : |

### COMPLAINT IN CIVIL ACTION

1.    Plaintiff Hannah Curran is an adult individual who, at all times relevant hereto, resided at Villanova University the address indicated above.

2    Defendant Amica Mutual Insurance Company (hereinafter "Amica"), is an insurance company incorporated under the laws of Rhode Island with a principal place of business located at the address indicated above and is registered to do business with the Pennsylvania Department of Insurance and regularly conducts business in Philadelphia, Pennsylvania.

### COUNT I.
### BREACH OF CONTRACT

3    Plaintiff incorporates by reference thereto the preceding paragraphs as though the same were set forth herein at length

4.    On or about January 29, 2017, at approximately 6:30 p.m., Plaintiff Hannah Curran was travelling southbound on U.S. Route 15 on the bridge over Mill Creek in Tioga

2

Scan Date: 10/17/2018 12:00:32 PM

Township, Pennsylvania, and had pulled over to the side of the road on the shoulder and out of the travel lane.

5.      On the aforementioned date and place, a vehicle owned and operated by an underinsured vehicle (hereinafter "tortfeasor") was also traveling southbound on U.S. Route 15 when she lost control of her vehicle and rear-ended Plaintiff Hannah Curran, causing Plaintiff Hannah Curran to suffer serious bodily injury, as will be described below.

6.      Prior to the date of the accident, Defendant Amica issued a policy of automobile insurance, known as Policy No. 97093820QS (hereafter "the Policy").

7.      The policy was in full force and effect on the date of the accident. Said policy contained a UM/UIM Endorsement with policy limits of $500,000.00. As the driver of the aforementioned motor vehicle insured by Defendant, and a named beneficiary under the Policy, Plaintiff Hannah Curran is entitled to Uninsured/Underinsured Motorist coverage thereunder.

8.      The tortfeasor was underinsured, whose carrier previously tendered its minimal policy limits to the Plaintiff Hannah Curran after Plaintiff Hannah Curran received permission from the Defendant to accept the policy.

9.      Said tortfeasor is considered underinsured and a claim was made by Plaintiff Hannah Curran, pursuant to the policy.

10.      As a direct and proximate result of the negligence of the underinsured Tortfeasor, Plaintiff Hannah Curran suffered serious and permanent personal injuries, both physical and emotional, including but not limited to a concussion, traumatic brain injury, memory loss, cognitive disability, headaches and nausea; was caused to endure pain, suffering, mental shock and anguish; incurred medical expenses and will in the future incur additional medical expenses.

11.      As a direct and proximate result of the negligence of the underinsured Tortfeasor Plaintiff Hannah Curran was prevented from attending to her normal activities and duties; lost

3

Scan Date 10/17/2018 12 00:32 PM

time from school and the resultant loss of tuition; suffered impairment of future earning capacity, suffered a diminution of her quality of life, will endure future pain and suffering, and was otherwise injured and damaged

12    As a further result of the negligence of the underinsured Tortfeasor, Plaintiff Hannah Curran has been obligated to receive and undergo medical attention and care for the injuries, to incur various expenses for said care and may be obligated to continue to expend such sums and to incur such expenses for an indefinite period of time in the future.

13.    As a further result of the negligence of the underinsured Tortfeasor, Plaintiff Hannah Curran has suffered a loss of income and earning capacity in the future.

14.    As a direct result of the negligence of the underinsured Tortfeasor, Plaintiff Hannah Curran has or may hereafter incur other financial expenses or losses to which he may otherwise be entitled to recover.

15.    Plaintiff Hannah Curran made an Underinsured Motorist claim to Defendant Amica under the policy regarding the aforementioned motor vehicle accident Plaintiff provided Defendant with medical records, outstanding bills and associated documents in seeking Plaintiff's policy limits.

16.    Defendant Amica has refused to settle Plaintiff Hannah Curran's valid claim with a reasonable estimate of Plaintiff Hannah Curran's injuries and damages, in violation of its contractual and statutory obligations

17    Defendant has a contractual obligation to compensate Plaintiff Hannah Curran for her damages, which they have breached.

18.    Plaintiff Hannah Curran demands that the Defendant make payment to compensate the Plaintiff pursuant to its Underinsured Motor Vehicle Policy, which is a valid claim, an obligation that the Defendant has not met

4

Scan Date 10/17/2018 12 00 32 PM

19      Accordingly. Plaintiff Hannah Curran seek recovery under the terms of the policy with Defendant. together with all other statutory damages as is legally appropriate under 42 Pa Cons Stat. §8371. including reasonable attorney's fees, costs and interest

**WHEREFORE,** Plaintiff Hannah Curran demands damages of Defendant in a sum in excess of Fifty Thousand ($50,000.00) Dollars including, pursuant to the above statute. interest, punitive damages. court costs and attorney's fees.

## COUNT II.
## BAD FAITH

20      Plaintiff incorporates by reference thereto the preceding paragraphs as though the same were set forth herein at length

21      On or about February 7, 1990, the Governor of Pennsylvania signed into law 42 P S Section 8371. effective July 1, 1990. titled, "Actions on Insurance Policies". which provides a private cause of action for bad faith against insurance companies as follows.

"In an action arising under an insurance policy. if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions

      i   Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
    (2)   Award punitive damages against the insurer
    (3)   Assess court costs and attorney fees against the insurer".

22      Defendant has failed to provide payment of Plaintiff's medical bills and/or lost wages under the policy of insurance in force on the day of the accident.

5

Scan Date: 10/17/2018 12:00:32 PM

**WHEREFORE,** Plaintiff demands of Defendant the payment of medical bills, plus reasonable attorney's fees, costs and interest on said overdue benefits.

**VAN DER VEEN, O'NEILL, HARTSHORN & LEVIN**

DATE                              BY:

Michael T. van der Veen, Esq
Attorney for Plaintiff

6

Case ID 181001669

Scan Date  10/17/2018 12 00 32 PM

## <u>VERIFICATION</u>

I, Michael T van der Veen, Esquire, verify that I am the attorney for Plaintiff herein and that the statements made herein are true and correct to the best of my knowledge, information and belief.

I further understand that this statement is made subject to the penalties of 18 Pa C S §
4904 relating to the unsworn falsification to authorities.

Michael T. van der Veen, Esq
Attorney for Plaintiff

Date: 10/12/18

Case ID 181001669